STATE v. S. BRYANT.

*Indictment for Failure to Pay Taxes—Taxes, When Payable.*

Under Section 35, Chapter 169 (Tax Machinery Act) of Laws of 1897, the tax payer may pay his taxes at any time before the last day of November without incurring any penalty or punishment, but under Section 36 the Sheriff, whenever justified reasonably by the facts in the case, may levy and collect by distress at any time after the first day of November.

INDICTMENT for failure to pay taxes, tried before *Robinson, J.,* and a jury at Fall Term, 1897, of JOHNSTON Superior Court.

The jury rendered the following special verdict:

"That defendant is a resident of this County. That on the 16th day of November, 1897, the defendant was liable for a poll tax in the sum of two dollars and a property tax in the sum of ninety-one cents and that he failed to pay the same. If, therefore, the Court shall adjudge the defendant guilty upon this finding of facts then the jury so find for their verdict.

And if the Court shall thereupon adjudge the defendant not guilty then the jury so find." The Court thereupon adjudged the defendant not guilty, whereupon the Solicitor for the State appealed.

*Mr. Zeb V. Walser, Attorney General,* for the State.
No counsel, *contra.*

121—72

FAIRCLOTH, C. J.:    The indictment is for failing to pay
taxes and was found to be a true bill at a term of Court held
November 16, 1897.    By agreement of counsel for the State
and the defendant the jury returned the following special
verdict:    "That on the 16th day of November, 1897, the
defendant was liable for a poll tax in the sum of $2 and
a property tax in the sum of 91 cents and that he failed to
pay the same."    His Honor upon these facts held that the
defendant was not guilty and the Solicitor for the State
appealed.

The Revenue Act of 1897, Chapter 168, Section 52,
requires the Sheriff of each County to inquire and report to
the Judge, at each term of the criminal Court held in the
County, following the time when the taxes should have
been paid, as to whether they have been paid and to make
out a list of all delinquents, and the Judge is required to
submit the list to the Solicitor for prosecution in the manner
provided in the next Section.    Section 53 declares that
persons liable for taxes, provided for in this Act and the
Machinery Act, and failing to pay the same as provided by
law, shall be guilty of a misdemeanor.    The Machinery
Act of 1897, Chapter 169, Section 35, declares that "all
taxes shall be due on the first Monday in September in each
year."    Section 36 declares that "the Sheriff or his deputy
or tax collector shall attend at the Court house or his office
in the County town during the months of September and
November for the purpose of receiving taxes.    He shall also
in like manner attend at least one day during the month of
October at some one or more places in each township, of
which 15 days notice shall be given by advertisement, etc.,
*provided* that nothing in this Section shall be construed to
prevent the collecting officer from levying and selling after
the first day of November, but he shall not sell before that
day."

The amount of tax, subject to the Constitution, time when due, when collectible, and the procedure, are matters regulated by the Legislature, usually every two years, for raising revenue for the State.    Different Sections of these Revenue Acts are frequently and apparently in conflict with each other and are sometimes found to be so.    When these apparent conflicts can be reconciled, consistent with the language and intent of the Legislature, we think such construction should be given to such legislation.    In the present case it is clear that taxes are due September 1, and the collector shall attend the precincts until the last of November to receive taxes, and he may levy and collect after November 1.

We think the tax payer may pay his taxes at any time before the last of November, at least, without incurring any penalty or punishment, and that the Sheriffs under the proviso in Section 36 may levy and collect, whenever justified reasonably by the facts in the case; for instance, if the tax payer should attempt to remove to distant parts, or attempt to secrete or remove his property and thus evade payment.    In such cases, it is reasonable that the tax collector should have authority to collect at any time after November 1.    True, the tax payer may pay at any time before or after the day on which he is required to do so, but if he is not allowed until the last day of November there is no reason why the tax collector should attend at the precincts and be required to do so until that day.    The law requires payment of taxes, but we do not see that the Legislature intended to adopt any harsh rule.    In passing Revenue Laws the Legislature takes notice of the habits of the people and of the season in which they can pay without sacrifices.

In the present case, it does not appear that the defendant has refused to pay or that the collector has yet demanded

payment, nor that the tax is in danger of being lost.   We must therefore sustain the conclusion of his Honor.

Affirmed.